UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE DELLUTRI LAW GROUP, P.A.,

    Plaintiff,

v.                                            Case No:   2:22-cv-442-JLB-KCD

ALLIED INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

## ORDER

This cause comes before the Court upon Plaintiff The Dellutri Law Group P.A.'s Motion to Remand (Doc. 13) and Defendant Allied Insurance Company of America's response thereto (Doc. 18). Upon careful review of the Motion to Remand and Defendant's response, the Court finds that the amount in controversy is below this Court's jurisdictional threshold. Accordingly, because the Court does not have subject matter jurisdiction, Plaintiff's Motion to Remand (Doc. 13) is **GRANTED**.

## BACKGROUND

Plaintiff is a law firm primarily serving southwest Florida. (Doc. 13 at 1). Defendant is an insurance company that issued a policy to Plaintiff, insuring Plaintiff's "business personal property" located at 1436 Royal Palm Square Blvd., Fort Myers, Florida 33919, but specifically not providing coverage for the building itself. (Doc. 3 at ¶ 4; Doc. 3 at 13).

On November 5, 2021, Plaintiff's business personal property suffered substantial damage because of a wind and rain event. (Doc. 3 at ¶ 6). Plaintiff

allegedly submitted a claim to Defendant, which Defendant denied and therefore refused to issue payment. (Doc. 3 at ¶¶ 8–10).

On April 15, 2022, Plaintiff filed an action against Defendant in the County Court of the 20th Judicial Circuit, in and for Lee County, Florida, Case No. 22-CC-001736. (Doc. 3 at 1–3). The Complaint filed in state court indicated that this was "an action for damages in excess of $8,000 but less than $30,000, exclusive of interest, costs, and attorneys' fees." (Doc. 3 at ¶ 1).

On May 11, 2022, Defendant served its First Set of Interrogatories and First Request for Production on Plaintiff. (Doc. 1 at ¶ 3; Doc. 1-4 at 164–65; Doc. 1-4 at 157–58). Interrogatory Number 1 asked Plaintiff to "provide a specific dollar amount reflecting the damages [Plaintiff] [is] seeking for the subject claim and identify all . . . documents supporting or demonstrating [Plaintiff's] claim for these damages." (Doc 1-4 at 415). Plaintiff responded that "as discovery [was] ongoing and the price and scope of Plaintiff's damages being the subject of expert testimony, the precise amount of Plaintiff's damages may not yet be known at this time." (*Id.*).

In response to Defendant's document request, Plaintiff produced a damages estimate in the amount of $120,044.90 (the "Estimate"). (Doc. 1-6). Plaintiff claims that the Estimate is responsive to Defendant's First Request for Production, but it reflects "amounts to repair the *building*, which [Plaintiff] readily concedes are not covered under its business personal property Policy and are not being sought in this action." (Doc. 13 at 4).

On July 21, 2022, Defendant filed the Notice of Removal. (Doc. 1). In the

2

Notice of Removal, Defendant claimed that the amount in controversy is $117,544.90 (the amount of the Estimate less the alleged applicable deductible) and that the parties are citizens of different states, such that this Court has jurisdiction over this matter. (Doc. 1, ¶¶ 6–17).

On August 22, 2022, Plaintiff filed a Motion to Remand, arguing that remand is appropriate because Defendant has failed to meet its burden of establishing that Plaintiff's damages exceed the Court's minimum jurisdictional threshold of $75,000. (Doc. 13 at 7). Defendant objects, urging the Court to deny the Motion to Remand because Defendant has established that the amount in controversy exceeds the $75,000 jurisdictional threshold. (Doc. 18 at 10).

## LEGAL STANDARD

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, provided that the district court has jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction exists when the matter in controversy exceeds $75,000.00, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of proving proper federal jurisdiction. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Because federal courts are courts of limited jurisdiction, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Williams v. AFC Enters., Inc.*, 389 F.3d 1185, 1189 (11th Cir. 2004) (internal quotation marks omitted). "The party

3

seeking removal bears the burden of establishing federal jurisdiction." *Ostrowski v. Am. Tire Distribs., Inc.*, Case No. 6:17-cv-598-Orl-31KRS, 2017 WL 2115984, at *1 (M.D. Fla. May 16, 2017) (citing *Harris Corp. v. Kollsman, Inc.*, 97 F. Supp. 2d 1148, 1151 (M.D. Fla. 2000)). "Generally, jurisdictional facts are assessed on the basis of the plaintiff's complaint as of the time of removal. . . ." *Id.* (citations omitted).

## DISCUSSION

I. There is no basis to conclude that the amount in controversy exceeds $75,000.

Plaintiff's chief argument is that it has "repeatedly clarified" that the Estimate "does not reflect the *business personal property* damages at issue in this case, but rather reflect[s] the building damages . . . ." (Doc. 13 at 7) (emphasis in original). In support of this argument, Plaintiff provides its Amended Response to Defendant's First Set of Interrogatories, which Plaintiff served on August 10, 2022, and in which it indicated that "Plaintiff's damages do not exceed $70,000.00." (Doc. 13-2 at 3, 6).

Defendant points out that the "court cannot rely on post-removal events in examining its subject matter jurisdiction." (Doc. 18 at 9 (citing *Waltermyer v. N.W. Mut. Life Ins. Co.*, 206CV597FTM29DNF, 2007 WL 419663, at *2 (M.D. Fla. Feb. 2, 2007)). And "[i]f jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction." (*Id.* (citing *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)).

But it appears that federal jurisdiction was not proper at any date. "A court

4

may rely on . . . reasonable inferences and deductions drawn from . . . evidence, to determine whether the defendant has carried its burden." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). Drawing reasonable inferences and deductions from the Estimate, the Court finds that it was not an estimate of damages to business personal property and thus does not constitute evidence that the amount in controversy exceeds the jurisdictional minimum. The Estimate consists of items such as "Office cubicles – Detach & set," "seal & paint acoustic ceiling tile," "R&R Carpet," "toilet – Detach & reset," and "texture drywall – smooth / skim coat," among many other entries, all of which are clearly for building repairs and not for business personal property. (*See* Doc. 1-6). Because the Estimate is for repairs to the building's fixtures itself and the policy expressly states that coverage for the building is not provided (*see* Doc. 3 at 13), the Court reasonably infers that the Estimate does not provide an adequate basis to conclude that the amount in controversy exceeds this Court's jurisdictional threshold. At minimum, this constitutes a clash between Plaintiff and Defendant as to the amount in controversy, which must be resolved in favor of remand. *See Williams*, 389 F.3d at 1189 ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

Defendant also argues that "when a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." (Doc. 18 at 8 (citing *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255,

5

1265 (11th Cir. 2000)). Indeed, the Complaint here indicates that Plaintiff seeks to recover legal fees under Fla. Stat. § 626.9373. (Doc. 3 at ¶ 14). But "courts have also refused to consider attorney's fees as part of the amount in controversy where the removing defendant fails to provide a calculation of those fees or information necessary to calculate those accrued fees at the time of removal." *Kinker v. Am. Reliable Ins. Co.*, Case No: 8:23-cv-87-CEH-SPF, 2023 WL 2043146, at *3 (M.D. Fla. Feb. 16, 2023) (citation omitted). "The Court is not permitted to divine the amount in controversy, including the amount of attorney's fees, through speculation or conjecture." *Id.* (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007)). Because Defendant has not provided any basis from which the Court could calculate a reasonable amount of attorney's fees, the Court declines to speculate whether the fees would bring the amount in controversy to the jurisdictional minimum.

Accordingly, because this Court must construe the removal statute narrowly, this Court finds that Defendant has failed to meet its burden of establishing that the amount in controversy exceeds this Court's jurisdictional requirement.

II.   **Plaintiff is not entitled to attorney's fees.**

Under 28 U.S.C. § 1447, "an order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (emphasis added). "The word 'may' clearly connotes discretion. The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 135 (2005) (citation omitted). "Absent unusual circumstances, courts may award attorney's

6

fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *24e Fitness, LLC v. Internal Credit Sys. Inc.*, No. 21-11888, 2022 WL 1222312, at *2 (11th Cir. Apr. 26, 2022) (citing *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). "[T]he reasonableness standard enunciated [is] meant to balance 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Bratta v. Harbor Freight Tools USA, Inc.*, Case No: 8:18-cv-1750-T-36AEP, 2018 WL 8369107, at *3 (M.D. Fla. Oct. 4, 2018) (quoting *Bauknight v. Monroe Cty., Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006)).

Here, while the Court has determined that the Estimate does not provide adequate evidence that the amount in controversy exceeds the jurisdictional minimum, the Court cannot find that Defendant "lacked an objectively reasonable basis for seeking removal." *See 24e Fitness, LLC*, 2022 WL 1222312, at *2. Accordingly, the Court, in its discretion, denies Plaintiff's request for attorney's fees.

## CONCLUSION

It is hereby **ORDERED**:

1. The Motion to Remand (Doc. 13) is **GRANTED** in part and **DENIED** in part.
2. This matter is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. Plaintiff's request for attorney's fees and costs is **DENIED**.

4. The Clerk of Court is **DIRECTED** to transmit a copy of this Order to the Clerk of Court of the Twentieth Judicial Circuit.

5. The Clerk of Court is further **DIRECTED** to terminate all pending deadlines and **CLOSE** this case.

**ORDERED** at Fort Myers, Florida on March 8, 2023.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE